# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN MARTIN,<br><br>    Plaintiff,<br>vs.<br>NAVAL CRIMINAL INVESTIGATIVE SERVICE, ("NCIS") et. al.,<br><br>    Defendants. | CASE NO. 10CV1879WQH(MDD)<br><br>ORDER |

HAYES, Judge:

The matters before the Court are: (1) the Motion for Leave to File First Amended Complaint filed by Plaintiff Carolyn Martin (ECF No. 53); (2) the Cross-Motion to Stay Proceedings Pending Appeal filed by the United States on behalf of Defendants Mark D. Clookie, Wade Jacobson, Ray Mabus, Gerald Martin, Naval Criminal Investigative Service, and Sean Sullivan (ECF No. 55); and (3) the Supplemental Brief Seeking Leave to File Supplemental Pleading filed by Plaintiff Carolyn Martin (ECF No. 64).

**I.    Background**

On September 9, 2010, Plaintiff initiated this action by filing a Complaint for Declaratory and Injunctive Relief and Damages against Defendant Gerald Martin, NCIS Special Agent ("Agent Martin"); Defendant Naval Criminal Investigative Service ("NCIS"); Defendant Mark D. Clookie, in his official capacity as NCIS Director ("Clookie"); Defendant Wade Jacobson, in his official capacity as NCIS Acting Special Agent in Charge ("Jacobson"); Defendant

Marine Corps West Field Office; Defendant Sean Sullivan, in his official capacity as Staff Judge Advocate ("Sullivan"); Defendant Marine Corps Recruit Depot San Diego; and Defendant Ray Mabus, in his official capacity as Secretary of the Navy ("Mabus") (ECF No. 1).

On December 17, 2010, Agent Martin filed a Motion to Dismiss. (ECF No. 31). On that same day, the United States filed a Motion to Dismiss on behalf of Defendants NCIS, Clookie, Jacobson, Marine Corps West Field Office, Sullivan, Marine Corps Recruit Depot San Diego, and Mabus. (ECF No. 32).

On August 3, 2011, the Court granted in part and denied in part the Motions to Dismiss filed by Agent Martin and the United States. (ECF No. 42). The Court found that Agent Martin was not entitled to qualified immunity for the claim against him in his individual capacity for damages pursuant to *Bivens* from Plaintiff's claim of violation of the First Amendment due to retaliation for protected speech at this stage in the proceeding.

On October 3, 2011, Agent Martin filed a Notice of Appeal of the Order finding that Agent Martin was not entitled to qualified immunity for the claim against him in his individual capacity for damages pursuant to *Bivens* from Plaintiff's claim of violation of the First Amendment due to retaliation for protected speech. (ECF No. 48).

On January 6, 2012, Plaintiff filed a Motion for Leave to File a First Amended Complaint. (ECF No. 53). The proposed amended complaint realleges the claims which were not dismissed and adds tort claims under the Federal Tort Claims Act for intentional infliction of emotional distress, battery, malicious trespass, abuse of process, and false imprisonment against the United States.

On January 30, 2012, Defendants Agent Martin, Clookie, Jacobson, NCIS, and Sullivan filed a Response in Opposition to Plaintiff's Motion for Leave to Amend and a Cross-Motion to Stay Proceedings Pending Appeal. (ECF No. 55).

On March 12, 2012, Plaintiff filed a Supplemental Brief Seeking Leave to File Supplemental Pleading. (ECF No. 64). The proposed first supplemental complaint adds tort claims under the Federal Tort Claims Act for intentional infliction of emotional distress, battery,

malicious trespass, abuse of process, and false imprisonment against the United States.

## II. Contentions of the Parties

Plaintiff seeks leave to file an amended complaint. Plaintiff contends that the FTCA claims are alleged against the United States and qualified immunity is not an available defense to the claims. Plaintiff contends that the Court has jurisdiction to allow the amended complaint on the grounds that: "the FTCA claims are 'legally distinct' from the *Bivens* claims though the underlying facts may 'overlap,' and the FTCA claims 'do not implicate' Agent Martin's 'right to qualified immunity' or 'interfere with any aspect of [Agent Martin's] appeal." (ECF No. 57 at 9) (citation omitted). Plaintiff seeks leave to file a supplemental complaint alleging claims pursuant to the Federal Tort Claims Act ("FTCA") which could not have previously been asserted because the administrative remedies had not been not exhausted. Plaintiff contends that the supplemental complaint would not supercede the Complaint which is currently the subject of Agent Martin's appeal; therefore, the supplemental complaint does not raise jurisdictional difficulties. Plaintiff contends that the entire case should not be stayed pending the appeal of the narrow issue of whether Agent Martin is entitled to qualified immunity.

Defendants contend that this Court lacks jurisdiction to allow Plaintiff to file an amended complaint because Agent Martin's qualified immunity claim is currently on appeal and allowing Plaintiff to amend her Complaint will moot the current appeal because the Court of Appeals for the Ninth Circuit "would no longer be reviewing the operative complaint." (ECF No. 54 at 3). Defendant contends that a supplemental complaint is not appropriate on the grounds that the factual basis for the new claims are identical to the factual basis for the FTCA claims did not occur after the Complaint was filed. Defendants contend that the Court should stay the case pending completion of the appeal because Agent Martin is entitled to protection from discovery and other pre-trial matters. Defendants contend that: "[t]he similarities between the individual- and official-capacity claims amplifies the need for stay, as allowing the case to proceed against the United States and the official-capacity defendants would in practice be indistinguishable from allowing the case to proceed against Agent Martin in his individual capacity." (ECF No. 54 at 6). Defendants contend that a stay "would not only promote judicial efficiency, but it

would also ensure Agent Martin does not suffer irreparable harm by being forced to participate in this litigation." *Id*. at 9-10.

### III.  Discussion

Qualified immunity shields "officials performing discretionary functions ... insofar as their conduct does not violate clearly established statutory or constitutional rights." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Supreme Court has held that jurisdiction is transferred from a district court to a court of appeals upon the filing of a notice of appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Visioneering Constr. & Dev. Co. v. United States Fidelity & Guar.*, 661 F.2d 119, 124 n. 6 (9th Cir. 1981) ("Once a notice of appeal is filed jurisdiction is vested in the Court of Appeals, and the trial court thereafter has no power to modify its judgment in the case or proceed further except by leave of the Court of Appeals."). The filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885-86 (9th Cir. 2001); *see also Britton v. Co-op Banking Group,* 916 F.2d 1405, 1411 (9th Cir. 1990) ("[W]here an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal.") (quotation omitted).

In this case, Agent Martin has appealed the denial of qualified immunity regarding the claim against him in his individual capacity for damages pursuant to *Bivens* due to alleged violation of First Amendment rights. (ECF No. 48 at 1) (citing *Behrens v. Pelletier*, 516 U.S. 299 (1996); *Mitchell v. Forsyth*, 472 U.S. 511 (1985)). The Court does not have jurisdiction over the issue of qualified immunity regarding the claim against Agent Martin in his individual capacity for damages pursuant to *Bivens* due to alleged violation of First Amendment rights. The proposed first supplemental complaint contains additional claims which do not implicate the issue of qualified immunity for Agent Martin because each additional claim is asserted

against the United States for violation of the FTCA. The Court retains jurisdiction over these additional claims.

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) applies to claims that could not have been litigated until after the original complaint was filed. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998). The FTCA provides that an "action shall not be instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail" 28 U.S.C. § 2675(a). The FTCA exhaustion requirement is jurisdictional. *See Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

The standard for granting leave to file a supplemental complaint under Rule 15(d) is the same as the standard for granting leave to file an amended complaint under Rule 15(a). *See Glatt v. Chicago Park District*, 87 F.3d 190, 194 (7th Cir. 1996). Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Forman* factors).

"Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears

the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

In this case, the proposed first supplemental complaint contains additional claims which were not administratively exhausted at the time of filing the Complaint. Defendants have not made a showing of the *Foman* factors to overcome the presumption under Rule 15 in favor of granting leave to file a supplemental complaint. The Court finds that the Supplemental Brief Seeking Leave to File Supplemental Pleading (ECF No. 64) should be granted. The Motion for Leave to File First Amended Complaint (ECF No. 53) is denied as moot.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. American Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936). "[T]he factors regulating the issuance of a stay" are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (courts consider (1) "the possible damage that may result from the granting of a stay;" (2) "hardship or inequity that a party may suffer if required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay"). The Court of Appeals applies the *Hilton* factors by requiring the party seeking a stay to show either "a strong likelihood of success on the merits [of its appeal] and the possibility of irreparable harm," or "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Golden Gate Rest. Ass'n v. City & County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quotations omitted). These two alternatives "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success

1 decreases." *Id.* at 1116 (quotation omitted).

2      In this case, the claim for damages against Agent Martin in his individual capacity 3 pursuant to *Bivens* due to alleged violation of First Amendment rights is on appeal and is not 4 within the jurisdiction of the Court. Agent Martin's likelihood of success on appeal would only 5 effect his qualified immunity defense to the claim against him in his individual capacity for 6 damages pursuant to *Bivens*. Agent Martin will not be subject to discovery on the claim against 7 him in his individual capacity for damages pursuant to *Bivens* due to alleged violation of the 8 First Amendment until the appeal is concluded. Defendants other than Agent Martin have not 9 established that they will suffer any hardship or inequity if a stay is not granted. Defendants 10 will be subject to discovery regardless of the outcome of Agent Martin's appeal. A stay of the 11 entire case may impede the collection of information through the discovery process and will 12 delay the timely resolution of this case. The public has an interest in the timely adjudication 13 of alleged government misconduct. *See Sammartino v. First Judicial D. Ct.*, 303 F.3d 959, 974 14 (9th Cir. 2002). The Court concludes that the Cross-Motion to Stay Proceedings Pending 15 Appeal should be denied.

16 **IV. Conclusion**

17      IT IS HEREBY ORDERED that the Supplemental Brief Seeking Leave to File 18 Supplemental Pleading filed by Plaintiff Carolyn Martin (ECF No. 64) is GRANTED. No later 19 than ten days from the date of this Order, Plaintiff may file the proposed first supplemental 20 complaint (ECF No. 61-2 at 2-23). The Motion for Leave to File First Amended Complaint 21 (ECF No. 53) is DENIED as moot. The Cross-Motion to Stay Proceedings Pending Appeal 22 filed by the United States on behalf of Defendants Mark D. Clookie, Wade Jacobson, Ray 23 Mabus, Gerald Martin, Naval Criminal Investigative Service, and Sean Sullivan (ECF No. 55) 24 is DENIED.

25 DATED: May 3, 2012

26

*/s/ William Q. Hayes*
**WILLIAM Q. HAYES**
27 United States District Judge

28